### SUMRALL *v.* THE STATE, 29 Miss. Rep., 202.

#### AFFRAY.

The annual list of jurors returned by the assessor of taxes does not annul or supersede the lists previously returned, but is intended to return the names of such persons as may have been previously omitted, or have since become liable to jury duty. Therefore, a person whose name did not appear on the list last returned, but did appear on the one next before the last, and was drawn from box number one, is a competent grand juror.

In misdemeanors, where the issue on a plea in abatement is decided against the accused, he will not be allowed to plead over, but it is otherwise in cases of felony.

Error to Perry circuit court. McNAIR, J.
*Charles A. Smith,* for plaintiff in error.
*D. C. Glenn,* attorney general.

HANDY, J.:

This was an indictment in the Perry circuit court, against the plaintiffs in error for an affray.

The defendants below pleaded in abatement, that one of the grand jurors, who was a member of the grand jury which found the indictment at May term, 1854, was not drawn from a list of the names of persons in the county liable to serve as jurors taken and returned by the assessor within one year next preceding the finding of the indictment, as required by the act of December 16, 1830; nor was said juror drawn in any other mode authorized by law.

Upon this plea issue was taken, and it was found against the defendants, and judgment was rendered thereon, the defendants not being permitted to plead over to the indictment.

The first question arising upon the record, is as to the regularity of the drawing and organization of the grand jury.

It appears by the bill of exceptions, that a list of the persons within the county liable to serve as jurors, was duly returned by the assessor on the first day of December, 1853, wherein the name of Archibald Graham, the juror named in the plea, does not appear, that being the only list taken and returned within one year next preceding the finding of the indictment at the May term, 1854. But a list was duly taken and returned on the 16th October, 1852, more than a year previous to the finding of the bill, upon which the name of the juror appears.

The plea raises, 1st. Whether it is necessary, under the act of 1830, that the jurors for each term of the circuit court should be drawn from a list returned within one year next preceding the finding of the indictment; and 2d. Whether, if the name of a person, being a member of the grand jury, be not on the list returned within the year, but appears on a previous list returned, such person is a competent juror.

These questions are free from difficulty, when we consider the provisions of the act of 1830, and the object intended to be accomplished in passing it.

The object of the act manifestly was to regulate the mode of drawing juries, with an especial view to equalizing the duty of serving on juries among all persons within the county liable to such service. To that end, a list of all persons liable to such duty is required to be returned, and when the first list is returned, the names appearing on it are required to be entered on a

book kept for that purpose, and also to be written on separate slips of paper, which are to be put in a box numbered one, from which the requisite number of jurors for each term shall be drawn ; and the names of such jurors so drawn, as shall be required to serve at the terms to which they shall be summoned, shall be put in a box numbered two, until the entire names in box number one shall be exhausted. Thus the feature of rotation is established.

In order that all persons within the county not on the original list, and who may from time to time become liable to serve as jurors, may be subjected to that duty, it is provided that a list of such persons shall be returned once in every year, and that such names as are thus annually returned and not included in previous lists, shall be added to the general list of jurors, and be put in box number one, to be drawn out in the same manner and subject to the same rules as those persons originally returned.

These are the general features of the system, and in view of them, it is clear that the idea that the jurors for each term are to be drawn from a list returned next preceding, is without just foundation. The spirit and intention of the statute are, that the jurors shall be drawn from box number one, which contains the names of the persons generally in the county liable to jury service. The object of the annual list is not to annul or supersede the lists previously returned, but to return the names of such persons as may have been previously omitted, or may have become, from any cause, subject to the duty since the previous return. If, therefore, the name of any person already returned, be omitted in the annual list (as was the case here), or the name of an improper person be returned in the annual list, or if the assessor should wholly fail to return an annual list, as required by law, it will not vitiate the list of jurors, provided they are regularly drawn from the box number one, because the persons so drawn have been legally returned and enrolled as competent jurors, and it is no objection to their competency that other persons who should have been added to the list, in order that they might bear their part of the burden of such service, have not been regularly returned. The question is : Have those per-

sons, who have been duly drawn from the box as jurors, been duly returned and entered as persons liable to such duty? And if this be answered in the affirmative, it would be absurd to say that they were illegal jurors, except so far as the individuals should be found deficient in the legal qualifications, to be tried by the court when they should be empanelled as a jury.

If this view were not correct, the greatest inconvenience and confusion might frequently occur by the errors or delinquency of the returning officers, and the administration of justice be delayed or defeated by a narrow and literal interpretation of the statute in violation of its true spirit and intent. It would be to apply a regulation which was merely intended to subject all persons in the county liable as jurors to the performance of that duty, and thus equalize the burden among the people, in such a manner as to render illegal persons duly returned, drawn and empanelled, and thereby to embarrass and defeat the very system intended to be established.

The second question presented by the record, is, whether the defendants were entitled to plead over upon the replication to the plea in abatement being found against them.

It is held that where an issue in fact is joined by replication and found for the plaintiff in cases of misdemeanor, the judgment is final. 1 Chitt. Pl., 464; Com. v. Barge, 3 Penn. Rep., 264. The rule is otherwise upon an issue of law on the plea, or in case of a felony. 1 Arch. Cr. Pl., by Waterman, 116.

The judgment is affirmed.